UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **DARRYL SPRINGER,** ) | |
| ) | **Case No.:** |
| Plaintiff**,** ) | |
| ) | **COMPLAINT AND DEMAND** |
| v. ) | **FOR JURY TRIAL** |
| ) | |
| **PORTFOLIO** ) | |
| **RECOVERY ASSOCIATES, LLC** ) | **(Unlawful Debt Collections** |
| ) | **Practices)** |
| Defendant. ) | |

## COMPLAINT

DARRYL SPRINGER ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Michigan, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Detroit, Michigan 48221.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Debt collection is the principal purpose of the defendant's business.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     Defendant was attempting to collect an alleged Capital One credit debt that was primarily incurred for personal, family or household purposes.

13.     By way of background, Defendant began calling Plaintiff in or around October 2015.

14.     Desiring the calls to stop, Plaintiff told Defendant to stop calling in February 2016.

15.     Once Defendant knew its calls were unwanted, any further calls could only have been placed for the purpose of harassing Plaintiff.

16.     However, Defendant ignored Plaintiff's request and between July 2016 and May 2017, Plaintiff received repeated harassing calls from Defendant on his cellular telephone.

17.     Defendant has placed telephone calls to Plaintiff from the phone number (518) 375-2771. The undersigned has confirmed that this phone number belongs to Defendant.

18.     Plaintiff has repeatedly told Defendant to stop calling him regarding the alleged debt through in or around May 2017.

19.     However, these requests were ignored.

20. Frustrated and annoyed by Defendant's failure to stop calling him, Plaintiff downloaded a blocking application to his cellular telephone stop Defendant's calls.

## COUNT I
## **DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA**

21. A debt collector violates §1692 (d) of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

22. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

23. Defendant violated these sections when it placed repeated and harassing telephone calls to Plaintiff's cellular telephone, typically calling Plaintiff each week regarding the alleged Capital One credit card debt, despite Plaintiff's numerous requests to stop calling.

WHEREFORE, Plaintiff, DARRYL SPRINGER, respectfully prays for judgment as follows:

a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DARRYL SPRINGER, demands a jury trial in this case.

Respectfully submitted,

Dated: July 24, 2017        By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com